**E-Filed 3/1/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DR. SALMA MERRITT and DAVID MERRITT,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | Case Number C 09-04834 (PVT)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>Re: Docket No. 10 |

The instant action arises out of the administration of the claim of Plaintiff Salma Merritt for long term disability benefits under the Siemens Corporation Disability Group Plan ("the Plan"). Defendant Metropolitan Life Insurance Company ("MetLife") is the insurer and claim administrator of the Plan. On October 13, 2009, Dr. Salma Merritt and her husband David Merritt filed the operative complaint, alleging the following claims for relief: (1) breach of contract; (2) gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981(a); (3) disability discrimination in violation of Titles I and III of the Americans with Disabilities Act ("ADA"); (4) constructive fraud; and (5) violation of the Employee Retirement Income Security Act of 1974 ("ERISA") pursuant to 29 U.S.C. § 1132(a)(1)(B).

MetLife now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted. In their opposition papers, Plaintiffs, who are proceeding *pro se*, assert that they "voluntarily dismiss the ADA, Title VII, Common Law

Breach of Contract and Constructive Fraud claims and replaces [sic] them with ERISA's Breach of Fiduciary duty and California Insurance Discrimination Laws." Plaintiffs' Opposition Brief at 1. Plaintiffs also indicate that, "[a]t the appropriate time, Plaintiffs shall amend this action to include California Unfair Business Practice (§17200 et seq.) and California Insurance Codes §§ 790 et seq., 10144 et seq as well as Unrah [sic] Act via Civil Code § 51 claim, which fall under ERISA's savings clause, sparing them from exemption." *Id.* In its reply brief, MetLife contends that Plaintiffs' proposed amendments would be futile and that leave to amend should be denied.[1] The briefing on the instant motions is complete, and pursuant to Civil Local Rule 7-1(b), the Court has determined that the motion is appropriate for determination without oral argument.

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Barbera v. WMC Mortgage Corp.,* No. C 04-3738 (SBA), 2006 WL 167632, at *2 n. 4 (N.D. Cal. Jan. 19, 2006), quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (Pro se litigants must follow the same procedural rules as represented parties). Accordingly, Plaintiffs' proposed amendments are not now properly before the Court.

The Court has significant reservations as to whether some or all of Plaintiffs' proposed amended claims for relief against MetLife are viable. Among other things, it appears that the proposed state law claims are preempted by ERISA and that David Merritt lacks standing to assert any of the claims for relief alleged in the operative complaint or Plaintiffs' opposition papers. However, because the complaint is Plaintiffs' first pleading that has been reviewed by the Court and in keeping with the strong policy in the Ninth Circuit favoring amendment, Plaintiffs will be granted leave to amend. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995).

### IV. ORDER

Good cause therefor appearing, Defendant's motion to dismiss is GRANTED, with leave

---

[1] The Court acknowledges receipt of Plaintiffs' "Response to Defendants [sic] Reply Brief" ("the Response") and MetLife's objections thereto. However, the Response has had no affect on the Court's determination of the instant motion.

2

1  to amend.  Any amended complaint shall be filed within thirty (30) days of the date this order is

2  filed.  The hearing date on the instant motion is hereby vacated and the case management

3  conference is rescheduled for May 7, 2010 at 10:30 A.M.

6  **IT IS SO ORDERED.**

7  Dated: 3/1/2010

                                      JEREMY FOGEL
                                      United States District Judge